UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                           Case No. 08-80461-DHW
                                                Chapter 7
RANDALL J. DAVIS,

    Debtor.

ESTATE OF RANDALL J. DAVIS,

    Plaintiff,
v.                                              Adv. Proc. No. 08-8017-DHW

CRUMBLEY BACKHOE SERVICE and
RON CRUMBLEY,

    Defendants.

## MEMORANDUM OPINION

The Estate of Randall J. Davis filed a complaint under 11 U.S.C. § 525(b) against Ron Crumbley and Crumbley Backhoe Service seeking damages for termination of his employment. The complaint states that Davis was terminated because he filed a petition under chapter 7 of the Bankruptcy Code. The estate seeks compensatory damages of $1 million.

Ron Crumbley, d/b/a Crumbley Backhoe Service, filed a motion for summary judgment. The motion came on for hearing on June 22, 2009 at which the court considered the arguments of counsel and verified materials of record. No material fact is in dispute. This opinion memorializes the ruling of the court from the bench.

### Facts

Randall J. Davis began working for Crumbley as a carpenter on or around October 15, 2007. Davis first met with his bankruptcy attorney on March 7, 2008. His attorney told him that he would need his last six months of pay stubs in order to prove his income. They met again on March 28, 2008 and then on

April 11, 2008 to sign the final paperwork. Davis still did not have his pay stubs. His attorney contacted Ron Crumbley requesting the pay stubs. According to Crumbley, he had already provided the stubs to Davis once and agreed to provide them again only if reimbursed for the cost of doing so. According to the attorney, Crumbley was irritated at the request, stated it would be expensive, offered no estimate of the cost, and hung up on the attorney.

The parties dispute the date of the termination, but Davis was fired on either Sunday, April 13, 2008 or Monday, April 14, 2008. Davis told his attorney on April 16, 2009 that Crumbley fired him on April 13, 2008 because he was filing bankruptcy.

Crumbley states that he made the decision to fire Davis on Thursday, April 10, when Davis persisted, despite prior warnings, in using his cell phone during work hours. However, he did not notify Davis on April 10 or his attorney on April 11 of his decision to terminate Davis. Crumbley contends that he fired Davis on Monday, April 14, 2008, when he gave Davis his final paycheck.

Irrespective of the date Davis was fired, it is undisputed that Davis was fired before he filed a chapter 7 petition on April 17, 2008. Davis committed suicide on April 20, 2008.

The estate contends that Crumbley fired Davis because he was in the process of filing a bankruptcy petition. Crumbley, however, contends that he fired Davis because of his on-the-job cell phone use. The estate responds that neither the sequence of events nor the cell phone records support Crumbley's allegations.

**Legal Standard**

The standard for summary judgment established by Fed. R. Civ. Proc. 56 is made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. Proc. 7056. The rule provides in part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file,

2

Case 08-08017    Doc 44    Filed 07/24/09    Entered 07/24/09 14:45:12    Desc Main
Document      Page 2 of 5

together with the affidavits, if any, show that there is no genuine
issue as to any material fact and that the moving party is entitled to
a judgment as a matter of law.

Fed. R. Civ. Proc. 56(c).

Summary judgment is appropriate when "there is no genuine issue as to any material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). "In making this determination, the court must view all evidence and make all reasonable inferences in favor of the party opposing summary judgment." *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000). The party moving for summary judgment "bears the burden of proving that no genuine issue of material fact exists." *Information Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002). Once met, the burden shifts to the non-movant to "show a genuine dispute regarding any issue for which it will bear the burden of proof at trial." Id. at 1224-25.

## Conclusions

Crumbley contends that, as a matter of law, the estate fails to state a claim under 11 U.S.C. § 525(b). 11 U.S.C. § 525(b) states as follows:

> No private employer may terminate the employment of, or discriminate with respect to employment against, an individual who is or has been a debtor under this title, as debtor or bankrupt under the Bankruptcy Act, or an individual associated with such debtor or bankrupt, solely because such debtor or bankrupt –
> (1) is or has been a debtor under this title or a debtor or bankrupt under the Bankruptcy Act;
> (2) has been insolvent before the commencement of a case under this title or during the case but before the grant or denial of a discharge; or
> (3) has not paid a debt that is dischargeable in a case under this title or that was discharged under the Bankruptcy Act.

11 U.S.C. § 525(b). Crumbley contends that Davis was not protected by § 525(b) when he was terminated because, at that time, he was neither a debtor nor

3

a former debtor.

Crumbley cites to *Kanouse v. Gunster, Yoakley & Stewart, P.A. (In re Kanouse)*, 168 B.R. 441, 446 (S.D. Fla. 1994), which was affirmed by the Eleventh Circuit in a "Table of Decisions Without Reported Opinions" at 53 F.3d 1286 (11th Cir. 1995). The United States Supreme Court denied a petition for writ of certiorari at 516 U.S. 930 (1995). In *Kanouse*, the debtor was terminated from his employment almost seven months before he filed a bankruptcy petition. The court held:

> [O]ne "who is or has been a debtor" is afforded protection under 11 U.S.C. § 525(b). The statute does not allow a remedy to "will be" debtors. Since Kanouse was not a debtor nor had been a debtor at the time of the alleged acts of discrimination . . ., he is not entitled to relief under § 525(b).

*Kanouse*, 168 B.R. at 447. The court rejected the holding of *Tinker v. Sturgeon State Bank (In re Tinker)*, 99 B.R. 957 (Bankr. W.D. Mo. 1989), and its reliance on "questionable" legislative history in the face of an unambiguous statute. *Kanouse*, 168 B.R. at 447. In *Tinker*, the debtor was terminated from her employment only five days before she filed a petition in bankruptcy.

Crumbley also cites to *Leonard v. St. Rose Dominican Hospital (In re Majewski)*, 310 F.3d 653, 656 (9th Cir. 2002). In that case, the debtor incurred substantial medical expenses at the hospital where he worked. After attempts to negotiate repayment failed, the debtor informed the hospital that he intended to file a bankruptcy petition. The hospital fired him before he filed the petition. The court held that the statutory language is clear and must be enforced according to its terms. It does not protect persons who have not yet filed a bankruptcy petition. The court stated:

> Bankruptcy's fresh start comes at the cost of actually filing a bankruptcy petition, turning one's assets over to the court and repaying debts that can be paid. One is not entitled to the law's protections, including employment security and the automatic stay of litigation, before being bound by its other consequences.

4

*Majewski*, 310 F.3d at 656. The majority opinion in *Majewski* rejected the *Tinker* analysis adopted by the dissent.

The debtor, however, relies on *Tinker* cited above as well as *Mayo v. Union Bank (In re Mayo)*, 322 B.R. 712 (Bankr. D. Vt. 2005). The debtor notes that *Tinker* is more factually similar to the case *sub judice* than *Kanouse* because the termination in *Tinker* occurred just days before the bankruptcy petition was filed. The debtor also notes that all of the above cited cases were decided before the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 went into effect when there was no requirement for a debtor to provide payroll information in connection with a petition.

This court agrees with the decisions in *Kanouse* and *Majewski*. The language of 11 U.S.C. § 525(b) is plain and must be enforced according to its terms. The statute protects from termination only "an individual who is or has been a debtor under this title." 11 U.S.C. § 525(b). At the time Davis was fired, he was neither a debtor nor a former debtor. Therefore, he cannot utilize the protection afforded by the statute.

The parties hotly dispute Crumbley's motivation for firing Davis. However, even if Crumbley fired Davis solely because of his impending bankruptcy petition, Davis cannot recover against Crumbley under 11 U.S.C. § 525(b). The statute simply does not protect an individual from termination before that individual files a bankruptcy petition.

A separate order will enter.

Done this 23rd day of July, 2009.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Charles M. Ingrum, Jr., Attorney for Plaintiff
Russell B. Robertson, Attorney for Defendants