IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| In re ) | |
| ) | |
| RANDALL J. DAVIS, ) | |
| ) | |
| Debtor, ) | |
| ) | |
| ESTATE OF RANDALL J. DAVIS, ) | CASE NO. 3:09-cv-783-MEF |
| ) | |
| Plaintiff-Appellant, ) | (WO - DO NOT PUBLISH) |
| ) | |
| v. ) | |
| ) | |
| CRUMBLEY BACKHOE SERVICE, ) | |
| and RON CRUMBLEY, ) | |
| ) | |
| Defendants-Appellees. ) | |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

This case is before the court on appeal from a decision of the United States Bankruptcy Court for the Middle District of Alabama, Case No. 08-80461-DHW. On July 23, 2009, the bankruptcy court issued an order granting summary judgment in favor of Defendants Crumbley Backhoe Service and Ron Crumbley (collectively, "Appellees"). The Estate of Randall J. Davis ("Davis's Estate" or "Appellant") appeals the bankruptcy court's decision to this court pursuant to 28 U.S.C. § 158(a). For the reasons stated below, the court finds that the bankruptcy court's order is due to be AFFIRMED.

## II. BACKGROUND

As part of its bankruptcy proceedings, Davis's Estate filed suit against Appellees. Appellees employed Randall Davis ("Davis") and fired him after he requested pay stubs from them to file with the Bankruptcy Court. Pursuant to 11 U.S.C. § 525(b), Davis's Estate claimed that Appellees wrongfully terminated Davis's employment solely because he had filed for bankruptcy under Title 11 of the United States Code. The Bankruptcy Court granted summary judgment in favor of Appellees. Appellant appeals this determination.

## III. STANDARD OF REVIEW

A district court reviews *de novo* a bankruptcy court's entry of summary judgment. In re *Optical Technologies, Inc.*, 246 F.3d 1332, 1335 (11th Cir. 2001).

## IV. DISCUSSION

The Bankruptcy Court ruled in this case that, because Davis was not a debtor or a former debtor under Title 11 at the time of the termination of his employment, 11 U.S.C. § 525(b) does not protect Appellant. The statutory section at issue provides:

> No private employer may terminate the employment of, or discriminate with respect to employment against, an individual who *is or has been* a debtor under this title . . . solely because such debtor or bankrupt—
> (1) is or has been a debtor under this title or a debtor or bankrupt under the Bankruptcy Act;
> (2) has been insolvent before the commencement of a case under this title or during the case but before grant or denial of a discharge; or
> (3) has not paid a debt that is dischargeable in a case under this title or that was discharged under the Bankruptcy Act.

11 U.S.C. § 525(b) (emphasis added).

The plain language of the statute indicates that it protects those who are or have been

debtors, not those who will be debtors. No party disputes that Davis had not yet filed for bankruptcy protection under Title 11 at the time Appellees terminated his employment. Therefore, at the time of his discharge Davis neither was nor had been a debtor under Title 11, and it appears that the statute does not protect him.

The United States District Court for the Southern District of Florida has previously affirmed a bankruptcy court's granting of summary judgment on this issue. In re *Kanouse*, 168 B.R. 441, 447 (S.D. Fla. 1994). The Court found that it was proper to follow the plain meaning of the clear language of § 525(b). *Id.* The Eleventh Circuit affirmed the district court's reasoning without decision. *Kanouse v. Gunster, Yoakley*, 53 F.3d 1286 (Table) (11th Cir. 1995). *See also* In re *Majewski*, 310 F.3d 653 (9th Cir. 2002) (concluding that the plain language of § 525(b) controls).

As noted by Appellant, other courts have determined that the plain language of the statute does not fit congressional intent. In re *Mayo*, 322 B.R. 712 (Bankr. D. Vt. 2005); In re *Tinker*, 99 B.R. 957 (Bankr. W.D. Mo. 1989). *See also Majewski*, 310 F.3d 653 (Reinhardt, J., dissenting). However, these cases rely largely on the legislative histories of other bills, not on the legislative history of what would become § 525(b). *See Kanouse*, 168 B.R. at 448–49 (noting that the legislative history used in *Tinker* dealt with a bill that was never enacted). *See also Majewski*, 310 F.3d at 658 n. 2 (Reinhardt, J., dissenting) (acknowledging the use of the legislative history of § 525(a), enacted six years prior to § 525(b)); *Mayo*, 322 B.R. at 717 (relying entirely on Judge Reinhardt's reasoning in his *Majewski* dissent). Additionally, when the language of a statute is clear, it is not appropriate

to consider legislative history. *See, e.g.*, *United States v. Ron Pair Enters.*, 489 U.S. 235, 241 (1989); In re *Burns*, 887 F.2d 1541, 1545 (11th Cir. 1989).

This Court agrees with the courts in *Kanouse* and *Majewski* that the plain language of 11 U.S.C. § 525(b) clearly provides for its applicability. Because Davis was not a current or former debtor under Title 11 at the time of the termination of his employment, the statute does not protect him.

## V. CONCLUSION

Accordingly, the decision of the United States Bankruptcy Court is hereby ORDERED AFFIRMED. A separate judgment will be entered in accordance with this Memorandum Opinion and Order.

DONE this the 16th day of November, 2009.

                                                           /s/ Mark E. Fuller
                                        CHIEF UNITED STATES DISTRICT JUDGE